**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1207
_____

KEVIN COIT,
                                    Appellant

v.

B. SALAMON, Superintendent; M. ROWE, Deputy; WOODRING, Deputy;
HALDEMAN, Major; J. VANGORDER, Major; T. MILLER, CCPM;
C. MILLER, Unit Manager; DAVID DURST, LPM; J. COXEY, CRPN;
LT. VOGT; LT. CHASE; LT. DREXLER; CAPTAIN TARANTILLA;
CAPTAIN EMIL; CAPTAIN POTTS; LPN YAS; DAWN RETORICK, RN;
PSS WASSON; PSS BYERLEE; SAM MAUK, CHCA; LT. STABLEY;
LT. GALINTINE; C/O DITTER; M. BROWN; C/O MICHAELS;
JOHN DOE C/O; C/O BARNER; C/O BOWER; C/O RICHARDS;
C/O SERAVEC; C/O SECREST; C/O CORAL; C/O COOPER;
C/O HERSHEY; LT. DAVIS; C/O BOILINGER; C/O ABDUL-QUDDUS;
C/O CONFER; C/O BITNER; SGT. BROWN; DR. KANE;
K. GREGORY, RN; CAPTAIN ANDREWS; MAILROOM SUPERVISOR
LYDECKER; LT. DAVIS; JOHN DOE #1, C/O; JOHN DOE #2, C/O; JOHN DOE C/O
#3; JOHN DOE C/O #4
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-23-cv-02059)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on September 12, 2024

No. 24-1228

KEVIN COIT,
Appellant

v.

L. MALICHAIK, RLPM; BOBBI JO SALOMON, Superintendent;
M. ROWE, DSCS; S. WOODRING, DSFM; T. MILLER, CCPM;
UNIT MANAGER KNAPP, Captain; UNIT MANAGER J. MILLER;
MAJOR HALDEMAN; GRIEVANCE COUNSELOR N. PAUL;
GRIEVANCE COORDINATOR ASSISTANT BRUBAKER;
CAPTAIN DAVIS; LPM D. DURST; DR. COXEY; R.N. GREG;
R.N. DAWN; P.S.S. HOOVER; C/O HERSHEY; C/O JOHN DOE ON
2-10 SHIFT;  DR. PRESTON; STAFF ASSISTANT SAM CONDO;
UNIT MANAGER KNAPP; MARSH; A.  ACKLEY; LT. BUTLER;
LT. STOVER; CC. MINNOLA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-23-cv-01124)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 12, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit</u> <u>Judges</u>

_____

OPINION*

_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kevin Coit, a Pennsylvania prisoner, appeals the District Court's orders dismissing his complaints for failing to comply with Fed. R. Civ. P. 8(a). For the reasons that follow, we will vacate the District Court's orders and remand the matters for further proceedings.

Coit v. Salamon, No. 24-1207

Coit filed a complaint against 48 defendants alleging, inter alia, that they ignored his suicidal threats and attempts to harm himself, denied him medical care, used excessive force on him in several instances, and confined him in unconstitutional conditions. The District Court dismissed the complaint without prejudice for failure to comply with Fed. R. Civ. P. 8's requirements that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and that the allegations be "simple, concise, and direct." See Fed. R. Civ. P. 8(a)(2), (d)(1). It noted that the hand-written complaint consisted of 139 paragraphs over 55 pages covering a four-month period and opined that it was "needlessly long and verbose." It gave Coit the opportunity to amend his complaint within 30 days. Instead of filing an amended complaint, Coit filed a notice of appeal.

Coit v. Malachaik, No. 24-1228

In the underlying District Court action, Coit filed a complaint against 26 defendants. He made similar allegations to those in No. 24-1207: excessive force, cruel and unusual punishment, failure to protect, denial of programming, unconstitutional conditions of confinement, due process, retaliation, etc. The District Court dismissed the complaint pursuant to Rule 8, noting that it was 68 pages long with 372 numbered

3

paragraphs and 15 counts and that the events within spanned a seven-month period. It opined that the complaint was unnecessarily long and constituted a "significant departure from the spirit and letter of Rule 8." The District Court gave Coit leave to file an amended complaint. Instead of filing an amended complaint, Coit filed a notice of appeal.

Jurisdiction

The District Court dismissed the complaints without prejudice. Where a District Court has dismissed a proceeding without prejudice, the dismissal is generally not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or the litigant declares an intention to stand on his pleading, whereupon the District Court's order becomes final. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam) ("Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."). Here, as discussed below, the District Court abused its discretion in dismissing the entirety of the complaints for failure to comply with Rule 8. Thus, there are no specific defects in the complaints to be cured. Moreover, we infer that Coit chose to stand on his complaints by filing notices of appeal instead of amended complaints. See Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (inferring an intent to stand on the complaint from plaintiff's filing a notice of appeal instead of an amended complaint). Accordingly, we have jurisdiction over the appeals.

Dismissal under Rule 8

4

We review the dismissal of a complaint pursuant to Rule 8 for an abuse of discretion.  Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019).  As noted above, Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and that allegations be "simple, concise, and direct."  See Fed. R. Civ. P. 8(a)(2), (d)(1).  The sufficiency of a complaint under Rule 8 is determined on a case-by-case basis, and the analysis should consider "the nature of the action, the sort of relief being sought, the availability of information, and other practical considerations."  Garrett, 938 F.3d at 93.

With respect to the requirement that the statement of the claim be "short," we have noted that "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints."  Id. at 92.  Pro se complaints are to be liberally construed and even if "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).  To be a "plain" statement, a claim should identify specific defendants and their discrete actions.  Id. at 93.

While Coit's complaint in No. 24-1207 is 55 pages in total, the substantive allegations span only 30 pages.  In those allegations, Coit set forth specific actions by specific defendants and included the dates of the incidents.  His writing was coherent, events were organized in numbered paragraphs, and his allegations were grouped into

seven counts.[1] Most of his factual allegations were relevant to his claims. "Missing details or superfluous material do not necessarily render a complaint unintelligible. Indeed, even if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." Garrett, 938 F.3d at 93-94. While Coit's complaint in No. 24-1228 is longer with more irrelevant and overlapping allegations than No. 24-1207, it is still coherent and understandable, with dated allegations setting forth specific actions by specific defendants and grouped by the type of claim.

Many of the claims in Coit's complaints satisfy Rule 8's requirement of a short and plain statement. We are confident that the District Court will be able to screen the complaints pursuant to 28 U.S.C. § 1915, and that the defendants will be able to respond to the complaints if necessary. The dismissal of the entirety of both complaints pursuant

---

[1] Under the heading of "conditions of confinement," he claimed in his first count, inter alia, that several defendants encouraged him to commit suicide, ignored him when he swallowed glass, bolts, and batteries, kept him in a dirty cell with the lights on without access to exercise or the law library, shut off his water, left him restrained and covered in his own feces for four days, denied him a shower for three days after the application of pepper-spray, and threatened him with excessive force if he requested medical care. In his second count, he asserted that, after a cell search, several hundred pages of legal material were missing and family pictures, religious literature, and his Qur'an were ripped. In his third count, he complained of several searches of his cell. He alleged violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA) in his fourth count. In his fifth count, Coit alleged cruel and unusual punishment because correctional officers ignored his acts of self-harm, including burning himself, cutting himself with a staple, preparing a noose, and swallowing objects. In his sixth count, he alleged several instances of excessive force. Finally, in his seventh count, he set forth claims of violations of his right to procedural due process regarding his placement in special housing units.

to Rule 8 was not a proper exercise of discretion.  See Garrett, 938 F.3d at 91 (noting that if some claims satisfy Rule 8, it is an abuse of discretion to dismiss the entire complaint). We express no opinion over whether Coit's allegations state claims for relief.

For the above reasons, we will vacate the District Court's orders and remand the matters for further proceedings.